# United States District Court
**EASTERN DISTRICT OF TEXAS DIVISION**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SHELLEY SONIAT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:16CV337 |
| | § | JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § | |
| | § | |
| DEPARTMENT OF HOUSING AND | § | |
| URBAN DEVELOPMENT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On December 16, 2016, the report of the Magistrate Judge (Dkt. #67) was entered containing proposed findings of fact and recommendations that Defendants Judge Richard A. Schell and Judge Don D. Bush's Motion to Dismiss (Dkt. #42) should be **GRANTED** and this case should be **DISMISSED** as to these Defendants.

*Pro se* Plaintiff Shelly Soniat timely filed Objections on December 28, 2016 (Dkt. #72). She further filed supplemental arguments in support of her objections (Dkt. #79). Plaintiff asserts arguments similar to those made in her Amended Complaint (Dkt. #21) and "Response to Docket 42 Motion to Dismiss All Claims Against Judge Richard A. Schell and Judge Don D. Bush" (Dkt. #47), and fails to show a stated claim upon which relief can be granted. Plaintiff continues to insist Defendants improperly refused to issue summons in her previous case (the "Prior Suit")[1] because Defendants were discriminating against her. She believes she has been deprived of a

---
[1] *Soniat v. Jackson et al.*, No. 4:14cv77, consolidated with 4:14cv122 and 4:14cv131 (E.D. Tex.).

1

"federal statutory right" because Defendants refused to issue summons in the Prior Suit. However, in the Prior Suit, the Court held Plaintiff failed to state a federal question based on her factual allegations; thus, Plaintiff's case was not proper before the Court. *See Soniat v. Jackson*, 2014 WL 6968871, at *6 (E.D. Tex. Dec. 9, 2014), *adopted by*, 2015 WL 1503650 (E.D. Tex. Mar. 31, 2015). A Court may not adjudicate a case in which it does not have subject-matter jurisdiction. *See* FED. R. CIV. P. 12, 41. Defendants, acting in their judicial capacity, were unable to adjudicate the Prior Suit because dismissal was required; thus, the Court could not issue summons in the case the Court did not have jurisdiction over.

Plaintiff cites to numerous cases in which she claims support her argument that discrimination has been established as a matter of law and judicial immunity does not bar the present case. *Forrester v. White* is distinguishable from Plaintiff's case. *See* 484 U.S. 219 (1988). As Plaintiff states in her objections, judges do not have absolute immunity for employment decisions. *See* Dkt. #72 at 5 (citing *Forrester*, 484 U.S. at 543). However, Defendants' decisions in the Prior Suit were not administrative or employment decisions. Defendants dismissed the case in their judicial capacity because it was improper before the Court; therefore, issuance of summons was unnecessary and improper. Thus, reliance on this case is misguided.

*Village of Willowbrook v. Olech* is distinguishable from Plaintiff's case because the plaintiff in that case was able to state a claim that the Village of Willowbrook (the "Village") was motivated by ill will resulting from the plaintiff's success in an unrelated lawsuit against the Village. *See* 825 U.S. 562, 562 (2000). Here, Plaintiff merely asserts Defendants were discriminating against her simply because Defendants directed the clerk of court to refuse Plaintiff's request to issue summons, something which was under their power after the case was dismissed. Further, Plaintiff believes a mere statement is enough to state a claim upon which

relief can be granted. As the Supreme Court has held more recently, a complaint that does not allege enough facts to state a claim for relief that is plausible on its face will not survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Plaintiff has not alleged enough plausible facts to support a claim.

*Skinner v. Okla. ex rel. Williamson* is completely unrelated to Plaintiff's case. *See* 316 U.S. 535 (1942). In *Skinner*, the Supreme Court held a sterilization law that applied to a class of "habitual criminals," but not to another class who had committed intrinsically the same quality of offense, violated the Equal Protection Clause of the 14th Amendment. *See id.* at 541. Plaintiff oversimplifies the holding in *Skinner* when she states "the Court held treating similar crimes differently violate[s] the [E]qual Protection Clause of the 14th Amendment." *See* Dkt. #79 at 2. Further, Plaintiff has not alleged any punishment for a crime that she is charged with that violates her rights under the 14th Amendment. Hence, her reliance on this case is erroneous.

*Cotler v. Inter-County Orthopaedic Ass'n, P.A.* is also distinguishable. *See* 526 F.2d 537 (3rd Cir. 1975). In that case, the Third Circuit held it is improper for a district court to stay, pending outcome of related state court proceedings, a federal case involving a cause of action over which federal jurisdiction is exclusive. *See id.* at 542. Plaintiff's reliance on this case is wrong. It is not improper for a Court to dismiss a case in which it does not have jurisdiction. *See* FED. R. CIV. P. 12, 41. Further, once a case is dismissed, the Court does not have authority to issue summons. Regardless, Plaintiff's reliance on this case fails to show Defendants' actions were wrongful. As in *Cotler*, the plaintiff sought relief on the court's wrongful actions by appealing his case to the Third Circuit. *See Cotler*, 526 F.2d at 526. The Third Circuit issued a writ of mandamus to correct the wrongs of the district court. *See id.* Here, Plaintiff already appealed her case to the Fifth Circuit for Defendants alleged wrongdoing by failing to issue

3

summons in the Prior Suit. *See Soniat v. Jackson*, 628 F. App'x 292 (Jan. 6, 2016). After the Fifth Circuit's thorough review, the Fifth Circuit held that there was no error. *See id.* Plaintiff also sought relief to the Supreme Court and was unsuccessful. *Soniat v. Jackson*, 136 S. Ct. 2016 (May 16, 2016). Thus, this case does not support Plaintiff's contentions.

*Pulliam v. Allen* is also unrelated to Plaintiff's case. *See* 466 U.S. 522 (1984). In that case, the respondents were arrested for nonjailable misdemeanors, and the magistrate judge in Virginia county imposed a bail that the respondents were unable to meet. *See id.* at 522. The Supreme Court held that judicial immunity was no bar to injunctive relief or attorney's fees against the *state* magistrate judge. *See id.* Despite the fact that Defendants are federal judges, Plaintiff is vaguely requesting declaratory relief and award of damages—relief which is barred by judicial immunity. *See* Dkt. #21 at 30. Although she also requests attorneys' fees, she does not currently have an attorney, and she has not succeeded in a case against Defendants. Finally, Plaintiff argues she is entitled to "injunctive relief under 1983." As previously stated, *Pulliam* does not apply to federal judges; nevertheless, Plaintiff failed to specify what injunctive relief she is seeking. Her citations to other case law that provided for injunctive relief is inadequate to demonstrate the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law. Thus, *Pulliam* is inapplicable to Plaintiff's case.

Plaintiff fails to discuss any reasons the Magistrate Judge was incorrect in finding that dismissal is also proper on two (2) other grounds: (1) that her suit is an improper collateral attack on the Prior Suit's judgment; and (2) that she failed to properly serve Defendants. Plaintiff's only argument is that the Magistrate Judge has an inherent "bias and favoritism" towards Defendants, which she fails to support with any plausible facts. *See* Dkt. 72 at 7; *see also Iqbal*, 556 U.S. at

678-79. Thus, although the Magistrate Judge was correct in finding the case is barred by judicial immunity, Plaintiff's case should also be dismissed on these two (2) grounds.

Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge (Dkt. #67) as the findings and conclusions of this Court. It is, therefore, **ORDERED** that Defendants' motion to dismiss (Dkt. #42) is **GRANTED** and this case should be **DISMISSED** as to Defendants Judge Richard A. Schell and Judge Don D. Bush.

**IT IS SO ORDERED.**
**SIGNED this 6th day of January, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE