# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| LUCI BAGS LLC | § |
| | § Civil Action No. 4:16-CV-00377 |
| v. | § Judge Mazzant |
| | § |
| YOUNIQUE, LLC | § |
| | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Younique, LLC's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(2) and 12(b)(3) (Dkt. #10). After reviewing the relevant pleadings and motion, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff Luci Bags LLC sells tote bags with a distinctive design registered with the United States Patent and Trademark Office. The Luci tote bag design primarily consists of distinctive zipper placement. The tote bag also has clear pouches on the exterior that provide a place for items or advertisements.

Defendant Younique, LLC is a cosmetics company that sells its products through direct sales. Younique's direct sales scheme utilizes individuals throughout the United States ("Presenters") to sell its products. The Presenters host "Younique Parties" where Younique products are displayed and sold to attendees. Younique advertises on its website that there are over 400 Presenters in the state of Texas, at least nineteen of whom reside in Sherman, Texas.

In January 2015, Shelaine Maxfield, the wife of Younique's CEO ordered several Luci totes bags. In the summer of 2015, Younique began developing a "Welcome Back" promotion (the "Promotion") targeting inactive presenters. The Promotion launched in January 2016. Younique announced the Promotion through its website, social media, and emails sent to all

active and inactive Presenters. The Promotion offered inactive Presenters the opportunity to become active Presenters and receive a "Welcome Back Kit (the "Kit"), which contained over $200 of Younique cosmetics, advertising cards, a catalog, and an allegedly infringing tote created by Younique (the "Tote"). In order to receive the Kit, Presenters were required to pay $75. In February 2016, Younique extended the Promotion to allow both active and inactive Presenters to buy the Kit. The promotion ended in February 2016.

On June 7, 2016, Luci filed a complaint against Younique alleging false designation of origin and false advertising, trade dress infringement, and unfair competition based on the sale and distribution of the Tote (Dkt. #1). On November 3, 2016, Younique filed a motion to dismiss under Rule 12(b)(2) and 12(b)(3) (Dkt. #10). On November 21, 2016, Luci filed a response (Dkt. #12). On December 1, 2016, Younique filed a reply (Dkt. #13). On December 8, 2016, Luci filed a sur-reply (Dkt. #14).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, the court must accept as true the plaintiff's uncontroverted, non-conclusory factual allegations and resolve all factual conflicts in the plaintiff's favor. *Id.*

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal

statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* Second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales & Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction comports with federal constitutional guarantees. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990).

The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

Luci asserts that the Court has specific jurisdiction over this case. Specific jurisdiction exists when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The Fifth Circuit follows a three-step analysis in determining whether a court has specific personal jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266,

271 (5th Cir. 2006)). "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it 'reasonably anticipates being haled into court.'" *Id.* (quoting *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006)). Even a single act by a defendant may establish specific jurisdiction if the act in the forum state is substantially related to the suit. *See Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).

Once a plaintiff establishes that the defendant had minimum contacts with the forum state sufficient to permit specific jurisdiction, the burden shifts to the defendant to prove that the exercise of jurisdiction is not fair or reasonable. *McFadin*, 587 F.3d at 759. In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985). "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin*, 587 F.3d at 760 (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

Younique also moves for dismissal under Rule 12(b)(3) based on improper venue. Under Rule 12(b)(3), once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper as to each defendant and each claim. *Nuttall v. Juarez*, 984 F. Supp. 2d 637, 642 (N.D. Tex. 2013); *Emelike v. L–3 Comm. Corp.*, No. 3:12–CV–2470–M, 2013 WL 1890289, at *1 (N.D. Tex. May 7, 2013). The Court accepts as true all of the allegations in the plaintiff's complaint and resolves all factual conflicts in the plaintiff's favor. *Braspetro Oil Servs. Co. v. Modec, Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). The Court may

4

consider evidence in the record beyond the facts alleged in the complaint and its proper attachments. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008).

Venue is governed by 28 U.S.C. § 1391(b), which provides that venue is proper in a district: (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) if there is no district in which an action may otherwise be brought, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." For venue purposes, a defendant entity is deemed to reside in any judicial district where it would be subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2).

## ANALYSIS

This is a simple case of specific jurisdiction. Younique purposefully directed contacts to Texas when it sold Totes to inactive presenters to encourage them to regain their status and earn royalties on the $75 sale.

Younique attempts to frame its direct-selling business as a two-step process that insulates it from jurisdiction anywhere besides its home state. Younique argues that its Presenters are independent contractors who operate their own businesses which in turn sell Younique products. Younique argues that because Presenters are independent contractors, any acts by the Presenters to participate in the Promotion and bring bags to Texas were independent acts by third-parties, not capable of conferring jurisdiction. *See Helicopteros*, 466 U.S. at 417; *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980). Further, Younique argues that it did

not sell any of the Totes, but rather gave them away as part of the Promotion.[1] The Court disagrees.

As both parties have acknowledged, the stream of commerce theory is not applicable to this case. The stream of commerce theory is only necessary when the contacts with the forum state are derived from the use of an intermediary to deliver the product into the forum. *Moore v. Harney Hardware, Inc.*, No. H-05-4054, 2006 WL 1342820, at *2 n.2 (S.D. Tex. May 15, 2006); *WhatRU Holding, LLC v. Bouncing Angels, Inc.*, No. 13-2745, 2014 WL 641517, at *4 n.2 (D. Minn. Feb. 19, 2014). Younique sold the Tote directly to its Presenters located in Texas. Therefore, stream of commerce is not applicable.

The Court finds sufficient facts to establish a prima facie case of minimum contacts with Texas. The alleged wrong is Younique's distribution of the Tote. Younique's business is predicated on Presenters selling Younique's products to clients. In order to restore business relationships with inactive Presenters, Younique offered a Promotion where Presenters could sell a desirable Kit to customers. To inform Presenters of this opportunity, Younique sent emails to all of its Presenters, hundreds of whom live in Texas.[2] Younique did not prohibit Texas Presenters from participating. The email contained a link that took Presenters to a detail page about the Kit where the Presenters could order the Kit. Younique then sent Kits to any Presenter who ordered them.

Younique's argument that it did not purposefully direct any contacts toward Texas is unavailing. While Younique may not have known which of its salespeople would respond, Younique nevertheless sought to restore a business relationship with the Presenters who received emails. Younique certainly knew that at least some of its 400 Presenters in Texas were selling

---

[1] Profits are not required for a claim under the Lanham act. 15 U.S.C. §§ 1125(a)(1), 1114(1)(a).
[2] According to Younique's own website, over 400 of Younique's Presenters live in Texas, and at least nineteen live in Sherman, Texas.

products within Texas. Further, Younique's email was more than passive because it provided a link to an order form specifically for the Kit. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 337 (5th Cir. 1999) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). Therefore, Younique sought to take advantage of the Texas market by encouraging its salesforce to increase activity in Texas. *See Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987) (holding that advertising in the forum, establishing channels for providing regular advice to customers in the forum, or marketing through a distributor who has agreed to serve as the sales agent in the forum state were additional contacts justifying personal jurisdiction); *McFadin*, 587 F.3d at 763; *Cypress Real Estate Advisors, Inc. v. Cypress Realty Advisors*, LLC, No. A09-CA-629-SS, 2009 WL 3381161, at *5–6 (W.D. Tex. 2009). If Younique did not want to be subject to suit, it could have eliminated Texas Presenters from its email list, excluded Texas from the Promotion, or taken other preventative measures. *See Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 179 (5th Cir. 2013). Younique did not prevent any Presenters from participating.

Further, minimum contacts may be established even if Texas was not a significant part of Younique's scheme. *See Ainsworth*, 716 F.3d at 179 (finding jurisdiction where defendants sales in the forum only amounted to 1.55% of overall sales). For specific jurisdiction, the Court simply asks if the transaction in question—the sale of Totes—bears a significant relationship to the forum state so as to not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co.*, 326 U.S. at 316. Luci cites sufficient facts to establish specific jurisdiction over Younique's targeted sale of the Tote to Presenters in Texas. Therefore, Younique has minimum contacts with Texas.

7

Having found the required minimum contacts, the burden shifts to Younique to show that exercising personal jurisdiction offends notions of fair play and substantial justice. The reasonableness of jurisdiction depends on several factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 476–77. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin*, 587 F.3d at 760 (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

Here, Texas has an interest in protecting its residents' property rights and providing a convenient forum to resolve their disputes. Luci has an interest in securing relief as quickly and efficiently as possible. In addition, it is unlikely that efficient resolution of the case would be disserved by resolution in Texas as opposed to Utah. The evidence at issue is not difficult to transport and witnesses are distributed evenly between Texas and Utah. The generalized difficulty in Younique's witnesses traveling to Texas is not a burden violative of due process. Finally, the interstate judicial system has an interest in resolving trade dress disputes. Therefore, Younique has not met its burden to prove that jurisdiction would be unfair or unreasonable.

Lastly, Younique argues that the Court should dismiss for improper venue. Venue is proper in either a district where Younique resides, or a district where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Luci has made a prima face showing that personal jurisdiction exists as to Younique. Therefore, Younique is a resident of the Eastern District of Texas. *Id.* § 1391(c)(2). Further, this cause of action is for the sale of an infringing product. "The source of the cause of action for a non-infringement is the

8

ownership and existence of the copyright or patent." *Modern Comput. Corp. v. Ma*, 862 F. Supp. 938, 947 (E.D.N.Y. 1994). Luci owns the trade dress. The Trade dress is registered in Frisco, Texas, in the Eastern District of Texas, Sherman Division. Further, the product was sold to Texas residents in the Eastern District. Therefore, a substantial part of events giving rise to the claim occurred in the Sherman Division. Thus, venue is proper under either § 1391(b)(1) or (b)(2).

## CONCLUSION

It is therefore **ORDERED** that Defendant Younique, LLC's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(2) and 12(b)(3) is hereby **DENIED**.

**SIGNED this 9th day of January, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE